IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
DOUGLAS NICHOLSON, BAR NO. 3654

No. 81190

FILED

JUL 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

*ORDER OF SUSPENSION*

This is an automatic review of a Northern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney Douglas Nicholson. Under the agreement, Nicholson admitted to breaching the terms of his probation in *Discipline of Nicholson*, Docket No. 78799 (Order Approving Conditional Guilty Plea Agreement, Sep. 12, 2019) and to violating RPC 1.3 (diligence); RPC 1.4 (communication); RPC 3.4(d) (fairness towards opposing party and counsel); RPC 8.1 (bar admission and disciplinary matters); and RPC 8.4(c) (misconduct - misrepresentation). He agreed to a two-year suspension and to pay restitution and the costs of the disciplinary proceedings.

As part of his guilty plea agreement, Nicholson has admitted to the facts and violations, which concern two grievances. As to the first grievance, Nicholson admitted that he violated RPC 1.3 (diligence) and RPC 3.4(d) (fairness toward opposing party and counsel) by knowingly failing to (1) appear at hearings on behalf of his client in a criminal matter; (2) timely review discovery and respond to motion practice; and (3) comply with district court orders, which resulted in the court rescheduling the trial twice and removing Nicholson as counsel and the client remaining in custody. As

20-27049

to the second grievance, Nicholson admitted that he violated RPC 1.3 (diligence), RPC 1.4 (communication), and RPC 8.4(c) (misconduct – misrepresentation) by failing to promptly provide the client with adequate information about the status of the client's petition to terminate parental rights over a roughly three-year period and by misleading the client into believing that he had filed the petition when he had not. Nicholson also admitted that he violated RPC 8.1 (disciplinary matters) by failing to respond to the State Bar's inquiries about the client grievances. Finally, he admitted that he violated conditions of his stayed suspension in Docket No. 78799 by failing to prepare a succession plan and to pay restitution, and by engaging in the conduct that led to this disciplinary matter.

The issue for this court is whether the agreed-upon discipline sufficiently protects the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). Nicholson acted knowingly in violating the above-referenced rules and his conduct resulted in injury to his clients and the profession, for which the baseline sanction is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.42 (Am. Bar Ass'n 2018) ("Suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client"). Considering the circumstances in aggravation (prior disciplinary offenses, pattern of misconduct, vulnerability of victim, and substantial experience in the

practice of law), and mitigation (cooperative attitude, imposition of other penalties of sanctions, and remorse), we conclude that the recommended discipline is appropriate and serves the purpose of attorney discipline.

Accordingly, we approve the guilty plea agreement and hereby suspend attorney Douglas Nicholson from the practice of law in Nevada for a period of two years, to be served concurrently with the previously stayed two-year suspension imposed in Docket No. 78799, such that Nicholson's concurrent suspensions end two years from the date of this order. Within 180 days from the date of this order, Nicholson must pay restitution to the two parties named in the guilty plea agreement. Finally, Nicholson must pay $2,500 in administrative costs pursuant to SCR 120 and the actual costs of the disciplinary proceeding within 30 days from the date of this order. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Silver

cc:  Chair, Northern Nevada Disciplinary Board
     Douglas W. Nicholson
     Bar Counsel, State Bar of Nevada
     Executive Director, State Bar of Nevada
     Admissions Office, U.S. Supreme Court